**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LISA ZADOR, | **Case No.: 26-cv-8901** |
| | **COMPLAINT** |
| ALICE PETERSON COMPANY, INC., NEEDLEPOINT.COM INC., STITCH BY STITCH NEEDLEPOINT LLC, and DOES 1-100 | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Lisa Zador ("Plaintiff"), by and through her undersigned attorneys, for her complaint against defendants Alice Peterson Company, Inc. ("Alice Peterson"), Needlepoint.Com Inc. ("Needlepoint.Com"), and Stitch by Stitch Needlepoint LLC ("Stitch by Stitch," and together with Needlepoint.Com and Does 1-100, the "Retailer Defendants") (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under the Copyright Act and for violations of the Digital Millennium Copyright Act ("DMCA") brought by Plaintiff, an independent artist, illustrator, and needlepoint designer, against a needlepoint canvas manufacturer and two retailers of its products.

2. Plaintiff is the author and copyright owner of an original illustration titled "Twelve Days of Christmas," rendered in Plaintiff's distinctive hand-painted style. Plaintiff's copyright in the illustration is registered with the U.S. Copyright Office. Plaintiff also created and sold her own needlepoint canvas based on her original "Twelve Days of Christmas" illustration.

3. Defendant Alice Peterson is a wholesale manufacturer of needlepoint canvases. Without obtaining or even seeking any permission from Plaintiff, Alice Peterson copied Plaintiff's illustration onto a line of needlepoint canvases that it sells to retailers across the country under its own name and directly competes with Plaintiff's own needlepoint canvases.

4. In doing so, Alice Peterson stripped Plaintiff's name and copyright notice from her artwork and replaced them with its own name and product designations, passing off Plaintiff's work as an Alice Peterson design.

5. The Retailer Defendants offer and sell Alice Peterson's infringing canvases to consumers, including consumers in this District, and identify Alice Peterson, not Plaintiff, as the source of the designs.

6. For months prior to filing this action, Plaintiff notified Alice Peterson of her rights and repeatedly attempted in good faith to resolve this matter without litigation. Despite multiple attempts by Plaintiff to amicably resolve this dispute, Alice Peterson repeatedly ignored Plaintiff, missed their own deadlines for responses, and refused to provide the standard requested sales information, leaving Plaintiff no choice but to initiate the instant action.

7. Plaintiff seeks injunctive relief, actual damages and Defendants' profits, statutory damages, costs, attorneys' fees, and such other relief as the Court deems necessary for Defendants' willful copyright infringement, their removal of Plaintiff's copyright management information from her work, and their use of false copyright management information in its place.

## PARTIES, JURISDICTION, AND VENUE

8. Plaintiff Lisa Zador is an individual residing in New York, New York.

9. Ms. Zador is the sole author of, and the sole owner of the copyright in, the illustration at issue, which is registered with the U.S. Copyright Office under Registration No. VA 2-487-416.

10. Upon information and belief, Defendant Alice Peterson Company, Inc. is a corporation organized under the laws of the State of California, with its principal place of business at 6100 W. Gila Springs Place, Unit 9, Chandler, Arizona 85226. Alice Peterson owns and operates the website alicepetersoncompany.com, through which it advertises and conducts its business.

11. Upon information and belief, Defendant Needlepoint.Com Inc. is a corporation organized under the laws of the State of North Carolina with its principal place of business at 3811 Hillsborough Street, Raleigh, North Carolina 27607. Needlepoint.Com owns and operates the interactive e-commerce website needlepoint.com, through which it offers and sells needlepoint canvases and related goods to consumers throughout the United States, including consumers in New York and in this District.

12. Upon information and belief, Defendant Stitch by Stitch Needlepoint LLC d/b/a Stitch by Stitch is a limited liability company organized under the laws of the State of New York with its principal place of business at 1953 Palmer Avenue, Larchmont, New York 10538, in Westchester County. Stitch by Stitch operates a retail needlepoint store at that address and the e-commerce website stitchbystitchneedlepoint.com.

13. Defendants Does 1-100, whose identities are yet to be ascertained, are additional retail companies to whom Alice Peterson supplied the infringing items here at issue and sold those infringing products to consumers.

14. The Court has subject matter jurisdiction pursuant to 17 U.S.C. §§ 501 and 1203 and 28 U.S.C. §§ 1331 and 1338(a).

15. This Court has personal jurisdiction over Stitch by Stitch pursuant to N.Y. C.P.L.R. § 301 because Stitch by Stitch is organized under the laws of New York, is located in this District, and does systematic business in this District with customers located in this District.

16. This Court has personal jurisdiction over Alice Peterson and Needlepoint.Com pursuant to N.Y. C.P.L.R. § 302(a) because each of them transacts business within New York and contracts to supply goods in New York, including by selling and shipping the infringing canvases at issue to retailers and consumers located in New York and in this District. Upon information and belief, Alice Peterson supplies its canvases, including the infringing canvases at issue, to Stitch by Stitch in this District and to other retailers located in New York. In addition, Alice Peterson and Needlepoint.Com have committed infringing acts that caused injury to Plaintiff in New York, where Plaintiff resides and holds her copyright; they expect or reasonably should expect their infringing conduct to have consequences in New York; and they derive substantial revenue from interstate commerce.

17. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendants reside or may be found here, are subject to personal jurisdiction here, and committed the alleged unlawful conduct in this District, and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL BACKGROUND

### I. Plaintiff's Original Work

18. Ms. Zador is an award-winning artist, illustrator, textile and needlepoint designer based in New York. Two of her books, *The Well-Bred Dog: Lisa Zador's Cabinet of Curious Canines* and *The Well-Bred Cat*, were published by Harry N. Abrams and sold throughout the country. Her work, painted by hand in either oil or gouache, has a whimsical and nostalgic style

that reflects her diverse interest in anthropomorphic animals, 1950s science fiction, Victorian Gothic literature, retro food icons, and vintage fabric and wallpaper. Ms. Zador earns her livelihood by creating original artwork and by selling and licensing that artwork.

19. In 2019, Ms. Zador created the original illustration titled "Twelve Days of Christmas" shown below (the "Original Work").




20. The Original Work is wholly original to Ms. Zador. It depicts each of the twelve gifts of the twelve days of Christmas as a separate hand-painted figure in Ms. Zador's distinctive style, pairs each figure with a decorative hand-drawn numeral, and arranges the figures in a particular composition that descends from the twelve drummers at the upper left to the partridge in a pear tree at the lower right. Ms. Zador interspersed the figures with decorative elements of her

own invention, including a potted topiary, a sprig of mistletoe tied with a red bow, a laurel garland, snowflakes, and four-pointed stars.

21. The Original Work was first published in the United States on January 30, 2019. Since then, Ms. Zador has offered the Original Work, and the twelve individual illustrations that comprise it, as art prints and greeting cards, including through her website, lisazador.com, and through other online retail channels.

22. Ms. Zador also created needlepoint design charts based on the Original Work and sells these needlepoint designs through her own online shop. She painstakingly paints these designs onto needlepoint canvas.

23. Ms. Zador's copyright in the Original Work is registered with the U.S. Copyright Office under Registration No. VA 2-487-416, with an effective date of registration of February 10, 2026. A copy of the Certificate of Registration is attached hereto as Exhibit A.

24. Plaintiff's copyright management information is conspicuously placed on the Original Work. Ms. Zador's name and copyright notice, "(c) 2019 LISA ZADOR," appear in the lower right corner of the Original Work, as shown in the detail below.




25. Ms. Zador has also adapted the Original Work into her own authorized line of needlepoint canvases, examples of which are shown below. Defendants' infringing canvases directly compete with Ms. Zador's own products.



NEEDLEPOINT CANVASES - 1 THRU 4

## II. Defendants' Willful Copyright Infringement and Violations of the DMCA

26. Defendant Alice Peterson sells needlepoint canvas designs on a wholesale-only basis to needlepoint retailers throughout the United States.

27. Without Plaintiff's knowledge or consent, Alice Peterson created, manufactured, and sold a 16-inch by 18-inch needlepoint canvas titled "12 Days of Christmas," bearing Alice Peterson item number AP4458 (the "Infringing Canvas"). The Infringing Canvas reproduces the Original Work virtually in its entirety. Alice Peterson then sold the Infringing Canvas to the Retailer Defendants through its wholesale channels. Alice Peterson's decision to intentionally copy Ms. Zador's Original Work was no accident as Ms. Zador herself created, marketed, and sold her own needlepoint canvases featuring the Original Work.

28. The Retailer Defendants offer and sell the Infringing Canvas to the public. Stitch by Stitch offers the Infringing Canvas for $314.00 under the title "Alice Peterson AP4458 12 Days

of Christmas," and Needlepoint.Com offers the Infringing Canvas for $378.00 under the title "12 Days of Christmas 16x18" by "Alice Peterson Company," as shown below.







29. The Infringing Canvas is substantially similar, if not virtually identical, to the Original Work. It copies each of the twelve figures in the Original Work, the hand-drawn numeral paired with each figure, and the placement of each figure and numeral within the entire work, and all the decorative elements from the Original Work. Indeed, the only material difference between the Original Work and the Infringing Canvas is the omission of Ms. Zador's name and copyright notice.

30. Alice Peterson also created, manufactured, and sold (i) a needlepoint stocking canvas titled "Twelve Days of Christmas Stocking," bearing item number AP4638, which reproduces all twelve of the figures and numerals from the Original Work (the "Infringing Stocking"), and (ii) a series of twelve four-inch round ornament canvases titled "12 Days Round," bearing item numbers APx540 through APx551, each of which reproduces one of the twelve

figures and its accompanying numeral from the Original Work (the "Infringing Ornaments," and together with the Infringing Canvas and the Infringing Stocking, the "Infringing Products"). The Infringing Stocking and the Infringing Ornaments are shown below.



31. Needlepoint.Com offers and sells each of the Infringing Products, including the Infringing Stocking for $290.00 and each of the twelve Infringing Ornaments for $78.00, and identifies each as a product of "Alice Peterson Company." Upon information and belief, Alice Peterson also distributes the Infringing Products to Does 1-100 retailers throughout the United States, including in New York. A side-by-side comparison of the Original Work and the Infringing Products is attached hereto as <u>Exhibit B</u>.

32. Defendants' infringement of Plaintiff's copyright in the Original Work has been willful. Defendants never obtained any permission or license from Plaintiff to copy, distribute, display, or otherwise use the Original Work or any derivative work thereof.

33. Upon information and belief, in the process of unlawfully creating the Infringing Products, Alice Peterson intentionally removed Plaintiff's copyright management information

from the Original Work. None of the Infringing Products bears Ms. Zador's name or her conspicuous copyright notice.

34. In place of Plaintiff's copyright management information, Alice Peterson inserted its own, assigning each of the Infringing Products an Alice Peterson title and item number and distributed the Infringing Products to retailers as "Alice Peterson" designs. Upon information and belief, each Infringing Product also bears Alice Peterson's name and/or copyright notice printed in the margin of the canvas and on the product packaging.

35. The Retailer Defendants, in turn, display and distribute the Infringing Products under Alice Peterson's name. Stitch by Stitch identifies the Infringing Canvas as "Alice Peterson AP4458" under the designer heading "Alice Peterson," and Needlepoint.Com identifies each of the Infringing Products as the work of "Alice Peterson Company." Neither Retailer Defendant identifies Ms. Zador as the author or copyright owner of the artwork.

36. The information that Defendants conveyed in connection with the Infringing Products identifying Alice Peterson as the author and owner of the artwork is false. Ms. Zador, not Alice Peterson, is the author and copyright owner of the Original Work.

37. Upon information and belief, Alice Peterson knew at all times that it was not the author or copyright owner of the Original Work, and it removed Plaintiff's copyright management information and provided false copyright management information in order to obfuscate the fact that Plaintiff is the true author and copyright owner.

38. Upon information and belief, Alice Peterson intended that removing Plaintiff's copyright management information and presenting the Infringing Products as its own designs would induce retailers and consumers to purchase the Infringing Products, facilitate Alice

Peterson's and its retailers' sales, and conceal the fact that the Infringing Products infringe Plaintiff's copyright in the Original Work.

39. Despite having been informed of the infringement, Alice Peterson did nothing to address the plethora of Infringing Products it had already sold to retailers around the country, failed to notify the Retailer Defendants of the copyright issues, and indeed the Retailer Defendants continue to market, display, and sell the Infringing Products with Plaintiff's removed CMI replaced with Alice Peterson's false CMI to this day.

40. Upon information and belief, the Retailer Defendants distributed and publicly displayed the Infringing Products knowing or having reasonable grounds to know that Plaintiff's copyright management information had been removed and that the copyright management information identifying Alice Peterson was false, and knowing or having reasonable grounds to know that doing so would induce, enable, facilitate, or conceal an infringement of Plaintiff's copyright.

## III. Alice Peterson's Refusal to Provide Sales Information Forced Plaintiff to File This Action

41. In or about May 2026, Plaintiff discovered that Defendants were offering and selling the Infringing Products and began discussions with counsel for Alice Peterson in June 2026, explicitly notifying Alice Peterson of Plaintiff's rights in the Original Work and of Alice Peterson's infringement. Plaintiff thereafter engaged in good faith attempts to resolve this matter with Alice Peterson in order to avoid litigation.

42. In the months that followed, Plaintiff repeatedly requested that Alice Peterson provide standard sales information concerning the Infringing Products, including costs for sourcing the Infringing Products, revenues from sales of the Infringing Products, prices charged to

buyers/customers/clients who purchased the Infringing Products, and the identities of buyers/customers/clients who purchased the Infringing Products.

43. The information that Plaintiff requested is routinely exchanged in the resolution of copyright disputes. It is exclusively within Alice Peterson's possession, and Alice Peterson could have compiled it with minimal effort.

44. Alice Peterson did not provide the requested information. Plaintiff's counsel reiterated the outstanding request to Alice Peterson counsel no fewer than 14 separate times since June 2026. More than three months later, as of the date of this Complaint, Alice Peterson still has failed to provide any of the requested sales information, yet again missing their own most recent stated compliance deadline of October 5, 2026.

45. Upon information and belief, the Infringing Products remain on the market. As of the date of this Complaint, the Retailer Defendants continue to offer each of the Infringing Products for sale on their website and in their stores.

46. Alice Peterson's failure to provide basic sales information made it impossible for Plaintiff to evaluate the scope of the infringement and the extent of her damages, frustrated Plaintiff's good faith efforts to resolve this matter before litigation, and forced Plaintiff to file this action in order to protect her artwork, her rights, and her livelihood.

47. Alice Peterson's refusal to cooperate in providing information concerning the value of the infringing material is further evidence that its infringement is willful, and it is a factor that weighs in favor of a heightened award of statutory damages against Alice Peterson under 17 U.S.C. § 1203(c)(3)(B).

48. Plaintiff has been damaged by Defendants' unlawful conduct.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT – 17 U.S.C. § 501, *et seq.***
**(Against All Defendants)**

49. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 48 above and incorporates them herein by reference.

50. Plaintiff has complied in all respects with the copyright laws of the United States, 17 U.S.C. § 101 *et seq*., and owns the exclusive rights and privileges in and to the copyright in the Original Work, which is registered with the U.S. Copyright Office under Registration No. VA 2-487-416.

51. Defendants had access to Plaintiff's Original Work, including, without limitation, through viewing the Original Work on Plaintiff's website or social media pages, on authorized products bearing the Original Work, or elsewhere on the Internet. The similarities between the Original Work and the Infringing Products are, moreover, so striking as to preclude the possibility that the Infringing Products were independently created.

52. The side-by-side comparison attached hereto as Exhibit B makes immediately apparent that the elements, composition, arrangement, layout, rendering, design, and appearance of the Infringing Products are substantially similar, if not nearly identical, to the Original Work.

53. Alice Peterson copied, reproduced, adapted, distributed, and/or publicly displayed the Original Work without the consent, permission, or authority of Plaintiff, including by creating, manufacturing, advertising, and selling the Infringing Products.

54. The Retailer Defendants reproduced, distributed, and/or publicly displayed the Original Work without the consent, permission, or authority of Plaintiff, including by advertising, displaying, offering for sale, and selling the Infringing Products in their stores and on their websites.

55. Defendants' conduct constitutes infringement of Plaintiff's copyright and exclusive rights in the Original Work in violation of 17 U.S.C. §§ 106 and 501.

56. Defendants' acts of infringement have been willful, intentional, purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights.

57. Plaintiff is entitled to recover her actual damages and Defendants' profits attributable to the infringement pursuant to 17 U.S.C. § 504(b). The amount of Defendants' profits is presently unknown to Plaintiff because Alice Peterson has failed, despite repeated requests since June 2026, to provide Plaintiff with information concerning its sales of the Infringing Products.

58. Plaintiff is further entitled to recover her costs pursuant to 17 U.S.C. § 505.

59. Plaintiff is entitled to an order enjoining and restraining Defendants, during the pendency of this action and permanently thereafter, from manufacturing, reproducing, distributing, displaying, offering for sale, or selling the Infringing Products or any other infringing copies of Plaintiff's copyrighted Original Work.

**SECOND CLAIM FOR RELIEF**
**REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION AND DISTRIBUTION OF WORK WITH PLAINTIFF'S COPYRIGHT MANAGEMENT INFORMATION REMOVED THEREFROM – 17 U.S.C. § 1202(b)**
**(Against All Defendants)**

60. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 59 above and incorporates them herein by reference.

61. The Original Work bears Plaintiff's copyright management information within the meaning of 17 U.S.C. § 1202(c), including Plaintiff's name and her notice of copyright, "(c) 2019 LISA ZADOR."

62. Upon information and belief, Alice Peterson intentionally and knowingly removed Plaintiff's copyright management information from the Original Work in creating the Infringing Products.

63. Upon information and belief, Defendants intentionally and knowingly distributed and publicly displayed the Infringing Products with Plaintiff's copyright management information removed therefrom.

64. Upon information and belief, Defendants knew that Plaintiff's copyright management information had been removed from the Infringing Products and that Plaintiff, not Alice Peterson, was the true author and copyright owner of the Original Work.

65. Upon information and belief, Alice Peterson removed Plaintiff's copyright management information, and Defendants distributed and displayed the Infringing Products with Plaintiff's copyright management information removed therefrom, with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights, or knowing or having reasonable grounds to know that doing so would induce, enable, facilitate, or conceal such an infringement.

66. Defendants engaged in these activities without the consent or authorization of Plaintiff.

67. Plaintiff has been injured as a result of Defendants' violations of 17 U.S.C. § 1202(b) and is entitled to injunctive relief, damages, costs, and attorneys' fees pursuant to 17 U.S.C. § 1203. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B) of up to $25,000 for each violation of 17 U.S.C. § 1202(b). An award at the top of the statutory range is warranted in light of Defendants' willfulness and Alice Peterson's conduct that forced Plaintiff to file this Action.

**THIRD CLAIM FOR RELIEF**
**FALSE COPYRIGHT MANAGEMENT INFORMATION – 17 U.S.C. § 1202(a)**
**(Against All Defendants)**

68. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 67 above and incorporates them herein by reference.

69. Alice Peterson provided copyright management information in connection with the Infringing Products that is false, including by identifying itself, by name and by its own titles and item numbers, as the author and copyright owner of the artwork embodied in the Infringing Products.

70. Defendants distributed copyright management information in connection with the Infringing Products that is false, including by advertising, displaying, and selling the Infringing Products as "Alice Peterson" and "Alice Peterson Company" designs.

71. Upon information and belief, Defendants knew that this copyright management information was false because they knew that Alice Peterson was not the author or copyright owner of the Original Work.

72. Upon information and belief, Defendants knowingly provided and distributed this false copyright management information with the intent to induce, enable, facilitate, or conceal an infringement of Plaintiff's rights in the Original Work.

73. Defendants engaged in these activities without the consent or authorization of Plaintiff.

74. Plaintiff has been injured as a result of Defendants' violations of 17 U.S.C. § 1202(a) and is entitled to injunctive relief, damages, costs, and attorneys' fees pursuant to 17 U.S.C. § 1203. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3)(B) of up to $25,000 for each violation of 17 U.S.C. § 1202(a). An award at the top of

the statutory range is warranted in light of Defendants' willfulness and Alice Peterson's conduct that forced Plaintiff to file this Action

**WHEREFORE**, Plaintiff demands judgment as follows:

1. For an order permanently restraining and enjoining Defendants from copying, reproducing, distributing, adapting, publicly displaying, offering for sale, and/or selling the Original Work or any elements thereof, including the Infringing Products;

2. For an order pursuant to 17 U.S.C. §§ 503 and 1203(b) directing the impoundment and destruction of all Infringing Products in Defendants' possession, custody, or control;

3. For an award of Plaintiff's actual damages and all of Defendants' profits attributable to Defendants' willful copyright infringement pursuant to 17 U.S.C. § 504(b);

4. For an award of $25,000 per violation of 17 U.S.C. § 1202(a) and $25,000 per violation of 17 U.S.C. § 1202(b);

5. For an award of Plaintiff's costs under 17 U.S.C. §§ 505 and 1203(b) and Plaintiff's attorneys' fees under 17 U.S.C. § 1203(b);

6. For interest, including prejudgment interest, on the foregoing sums; and

7. For such other and further legal and equitable relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated: October 8, 2026

Respectfully Submitted,

**GERBER LAW PLLC**

By: ______________________________

Andrew Gerber
27 Union Square West, Suite 301
New York, NY 10003
(212) 658-1810
andrew@gerberlaw.com
*Attorneys for Plaintiff Lisa Zador*